UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID V. ROCK, *Pro Se*, ) | Case No.: 1:17 CV 2099 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CHARMAINE BRACY, ) | |
| ) | MEMORANDUM OF OPINION |
| Respondent ) | AND ORDER |

Petitioner David V. Rock, an Ohio prisoner proceeding *pro se*, has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, in which he challenges his 1998 conviction in the Lake County Court of Common Pleas in *State of Ohio v. Rock*, Case No. 97-CR-000363 (Lake Cty. Court of Common Pleas). (*See* Doc. No. 1 at 1.) Petitioner pled guilty in that case to unauthorized use of a motor vehicle and driving under the influence of alcohol or drugs (DWI) was sentenced to 60 days of local incarceration and three years of community control sanctions. The degree of his DWI charge was enhanced by the presence of three or more prior violations. Petitioner contends his conviction was unconstitutional.

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases Under § 2254, a district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the court finds that this Petition must be dismissed.

A *habeas corpus* petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. *See* 28 U.S.C. § 2254(a); *White v. Kapture*, 42 F. App'x. 672, 673 (6th Cir. 2002), citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *White*, 42 F. App'x at 673, citing *Lackawanna Cty Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Although there is an exception to this general rule, which allows a conviction for which the sentence has expired to be challenged if it was obtained in the absence of counsel, *see White*, 42 F. App'x at 674, the judgment entry in Petitioner's Lake County case, which Petitioner has submitted with his Petition, clearly indicates that Petitioner was represented by counsel during the 1998 proceedings. (Doc. No. 1 at 31.)

Thus, it is evident that this Petition must be dismissed for lack of jurisdiction. The sentence for the convictions Petitioner challenges expired long before the Petition was filed, and Petitioner is no longer "in custody" for purposes of § 2254.

**Conclusion**

Accordingly, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and the Petition is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT COURT

October 30, 2017